UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLES PRESCOTT,

        Plaintiff,                             **COMPLAINT AND**
                                              **JURY DEMAND**

        -against-

THE CITY OF NEW YORK, RYAN HOEY, OFFICER
ROSE, OFFICER MECCA, SERGEANT BARTELS,

        Defendants.
-------------------------------------------------------------X

The Plaintiff, CHARLES PRESCOTT, by his attorney, The Rameau Law

Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

1.      This is a civil rights action for money damages brought pursuant to

42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York,

against the individual police officers identified herein and their employer, the

City of New York.

## PARTIES, VENUE AND JURISDICTION

2.      Plaintiff CHARLES PRESCOTT is a resident of Queens County in the

City and State of New York and of proper age to commence this lawsuit.

3.      At all relevant times hereinafter mentioned, defendant Police Officer

RYAN HOEY, was employed by the City of New York as a member of the NYPD.

Hoey is sued in his individual and official capacities.

4.      At all relevant times hereinafter mentioned, defendant Police Officer ROSE was employed by the City of New York as a member of the NYPD. Rose is sued in his individual and official capacities.

5.      At all relevant times hereinafter mentioned, defendant Police Officer MECCA, was employed by the City of New York as a member of the NYPD. Mecca is sued in her individual and official capacities.

6.      At all relevant times hereinafter mentioned, defendant Sergeant BARTELS, was employed by the City of New York as a member of the NYPD. Bartels is sued in his individual and official capacities.

7.      At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

9.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

10.   On or about January 1, 2018, at approximately 8:00 a.m., plaintiff was home at 145-21 106th Avenue, in the County of Queens, City and State of New York.

11.   At about 8:10 am, a group of police officers entered the home without a warrant and remained therein without permission.

12.   The defendant officers arrested plaintiff without any probable cause whatsoever.

13.   Plaintiff was subsequently transported to a police precinct where he remained handcuffed for several hours.

14.   While at the station house, defendant RYAN HOEY created arrest paperwork in which he claimed that defendants observed plaintiff committing various crimes.

15.   At no point did the defendants observe plaintiff committing any crimes or offenses.

16.   Defendants knew, at the time that HOEY drafted the arrest paperwork, that plaintiff had not engaged in the conduct as alleged.

17.   The defendants each knew that these allegations were being drafted, and that they would be forwarded to the QUEENS County District Attorney's Office (QCDA) in order to cover up their misconduct and to persuade the QCDA to initiate criminal charges against plaintiffs.

18.   The defendants knew and understood that the QCDA, in evaluating whether to commence a criminal prosecution against plaintiff, would rely on the

truthfulness of their factual claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

19.     Ultimately plaintiff was transported from the police precinct to the Queens Central Booking where plaintiff spent additional several hours in custody.

20.     All charges against plaintiff were false and ultimately dismissed.

21.     At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

22.     At all relevant times herein, each of the individual defendants participated directly in the constitutional violations on plaintiff and the affirmative efforts to cover up the same thereafter.

23.     The defendants attempted to cover up their constitutional violations against plaintiff by lying about their actions and otherwise failing to report their actions.

24.     To the extent that any of the defendants did not participate personally in this misconduct, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

25.     Thus, each defendant is responsible for the constitutional violations and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

26.     In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983**

27.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.    The acts complained of deprived plaintiffs of their rights not to have excessive force imposed upon them, not to have summary punishment imposed upon them and to receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

36.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL ENTRY

37.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

38.    Each of the individual defendants unlawfully and wrongly entered the premises by forcibly entering without exigency, consent, or a lawfully issued warrant.

39.    To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants' misconduct despite ample opportunity to do so.

40.    Accordingly, each defendant is liable either for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct and injuries to the plaintiffs and the constitution.

41.    By so doing, the individual defendants, individually and collectively subjected the plaintiffs to the unlawfully entry into and search of their residence, as well as the seizure of the residence and property therein, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth Amendment of the United States Constitution.

42.    By reason thereof, the individual defendants have violated 42 U.S.C §1983 and caused plaintiffs to suffer emotion and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the deprivation of their constitutional rights.

## FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

45.    As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

46.    The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.    Defendants misrepresented and falsified evidence before the District Attorney.

49.    Defendants did not make a complete and full statement of facts to the District Attorney.

50.    Defendants withheld exculpatory evidence from the District Attorney.

51.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

52.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

53.    Defendants acted with malice in initiating criminal proceedings against plaintiffs.

54.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

55.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

56.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

57.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

58.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

59.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

60.     Defendants acted with intent to do harm to plaintiff without excuse or justification.

61.     As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     Defendants issued legal process to place plaintiff under arrest.

64.    Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

65.    Defendants acted with intent to do harm to plaintiff without excuse or justification.

66.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

67.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

69.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

70.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

71.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by as alleged herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

77.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

78.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

   a) Not to have summary punishment imposed upon him; and

   b) To receive equal protection under the law.

80.     As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## NINTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO A FAIR TRIAL

81.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82.     The individual defendants created false evidence against Plaintiffs.

83.     The Individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

84.     In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

85.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged

86.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

87.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

88.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

89.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a)     Award compensatory damages against the defendants, jointly and severally;

(b)     Award punitive damages against the individual defendants, jointly and severally;

(c)     Award costs of this action to the plaintiff;

(d)     Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)     Such other and further relief as this Court deems just and

proper.


## JURY DEMAND


Plaintiffs hereby demands a jury trial.


DATED:      December 31, 2020
            Brooklyn, New York


                                    _____
                                    Amy Rameau, Esq.

                                    The Rameau Law Firm
                                    16 Court Street, Suite 2504
                                    Brooklyn, New York 11241
                                    Phone: (718) 852-4759
                                    rameaulawny@gmail.com

                                    *Attorney for Plaintiffs*


    TO:   All Defendants
          Corporation Counsel of the City of New York