

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | COREY S. SHOOCK<br>*Senior Counsel*<br>phone: (212) 356-5051<br>cshoock@law.nyc.gov |
|---|---|---|

January 27, 2021

**By ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Charles Prescott v. City of New York, et al</u>.
              20 Civ. 6391 (BMC)

Your Honor:

      I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced case. Defendant City writes to respectfully request that the Court grant Defendant City a 60-day enlargement of time to respond to the complaint from February 2, 2021 to and including April 5, 2021, and to adjourn the Initial Conference currently scheduled for February 16, 2021 to a date convenient to the Court after April 5th. Additionally, Defendant City asks that the Court *sua sponte* enlarge the time of defendants Ryan Hoey, Nancy Mecca,[1] and Damien Bartels,[2] to respond to the complaint for a period of 60 days.[3]

      This is Defendant City's first request for an enlargement of time to respond to the Complaint, and first request for an adjournment of the Initial Conference. Counsel for the City conferred with Plaintiff's counsel Amy Rameau by telephone on January 26, 2021, and she consents to Defendant's enlargement and adjournment applications.

      This action was commenced against defendant City and New York City Police Department ("NYPD") Officers Ryan Hoey, Nancy Mecca, Damien Bartles, and "Officer Rose"

---

[1] Being sued herein as "Officer Mecca."

[2] Being sued herein as "Sergeant Bartels."

[3] The Complaint purports to name "Officer Rose" as a defendant, however, upon information and belief, "Officer Rose" has not been served with process and as such is not a party to this action.

on December 31, 2020. (See ECF No. 1.) The Complaint, made pursuant to 42 U.S.C. § 1983, alleges *inter alia*, that on January 1, 2018, Plaintiff was falsely arrested and maliciously prosecuted in Queens County after the individual defendants made a warrantless and unlawful entry into his home. Plaintiff also makes a claim for municipal liability against Defendant City.

Request for Enlargement of Time to Respond to the Complaint

The requested enlargement is necessary to allow the Office of Corporation Counsel to continue to investigate plaintiff's allegations in accordance with its obligations under Rule 11(b) of the Federal Rules of Civil Procedure. This additional time will permit Defendant City to gather records to assess plaintiff's claims and determine the nature and extent of Plaintiff's alleged injuries in order to properly respond to the Complaint, determine the eligibility for representation of individually named defendants pursuant to New York General Municipal Law ("GML") § 50-k, and evaluate this case for possible early settlement.

In furtherance of its investigation, this Office must obtain records from NYPD, the District Attorney of Queens County ("QCDAO"), and the criminal court concerning Plaintiff's arrest and prosecution. Accordingly, Defendant City has requested that Plaintiff execute and return a release pursuant to New York Criminal Procedure Law ("C.P.L") §§ 160.50 and 160.55 so that NYPD, QCDAO, and the criminal court can release those records to this Office. Defendant City awaits that release from Plaintiff.

Additionally, the enlargement will permit counsel for Defendant City to familiarize himself with this case and conduct a thorough investigation of Plaintiff's allegations. Counsel for the City was recently assigned this matter, and thus, the City respectfully requests that the Court grant this request in order to allow counsel to evaluate this case and to proceed with our investigation into plaintiff's claims.

In addition to the City, the Complaint purports to name Ryan Hoey, Nancy Mecca, and Damien Bartles as defendants. Presuming this Office receives a request for legal representation in a timely fashion from the named defendants, pursuant to GML § 50-k, this Office must determine, based on a review of the case and that defendants' disciplinary records, whether we can provide representation to the individual defendants. Furthermore, as the Court is aware, the existence of a pending investigation would prevent this Office from interviewing any City employee involved so as not to interfere with such an investigation. See Dinler v. City of New York (In re City of New York), 607 F.3d 923, 944 (2d Cir. 2010). This Office has already requested these records, and we currently await same in order to complete this portion of our investigation.

Should this Office conclude that an individual defendant is eligible for representation (see Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)), we may not commence that representation until we obtain written authorization to do so by that defendant. While we do not, at present, represent the individual defendants, and therefore cannot request relief on their behalf, we ask for the sake of efficiency that the Court, *sua sponte*, enlarge their time to answer to be the same as the City's, so that their defenses are not jeopardized.

Request to Adjourn Initial Conference

      Defendant City also respectfully requests that the Initial Conference currently scheduled for February 16, 2021, be adjourned for the reasons stated above, because Defendant will not yet be in possession of information sufficient to meaningfully participate in a court conference. If the Court grants Defendant City's application for an enlargement, Defendant City further respectfully requests that the Initial Conference be rescheduled to a date after issue is joined. However, Defendant City is not available on the following dates: April 8-9, and May 10-17, 2021. Counsel for Plaintiff represents that she expects to be out of the office between May 17 and May 31, 2021.

Conclusions

      Defendant City respectfully requests that the Court grant it an enlargement of 60 days, from February 2, 2021 to and including April 5, 2021, to respond to the Complaint. Defendant City further requests that the Court *sua sponte* enlarge the time of individual defendants Ryan Hoey, Nancy Mecca, and Damien Bartels to respond to the Complaint to the same date, *i.e.* April 5, 2021. Finally, Defendant City respectfully requests that the Initial Conference currently scheduled for February 16, 2021, be adjourned to a date after Defendant has responded to the Complaint that is convenient to the Court, other than those listed above.

      Defendant City thanks the Court for its attention to this matter.

      Respectfully submitted,

      *Corey S. Shoock*    /s
      Corey S. Shoock
      Senior Counsel
      Special Federal Litigation Division

cc:    Amy Rameau, Esq. (By ECF)
      *Attorney for Plaintiff*
      16 Court Street, Suite 2504
      Brooklyn, New York 11241